IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY, L.P., | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 18-361-RGA |
| WIDEOPENWEST, INC., et al., | : : | |
| Defendants. | : | |

MEMORANDUM ORDER

Defendants filed a motion for summary judgment of no willful infringement. (No. 18-361, D.I. 258). The motion is fully briefed. (D.I. 257, 308, 334).[1] The operative complaint is the Second Amended Complaint. (No. 18-361, D.I. 97). It names multiple Defendants, but the parties and I treat them as one Defendant – WideOpenWest or WOW. (*Id.* at ¶¶ 2-12, 45-47).

Defendants attack the willful infringement allegations in the operative complaint. Five of the remaining nine asserted patents have willfulness allegations. They are Counts 2-6 of the operative complaint. (*Id.* at ¶¶ 86, 91, 96, 101, 106). Sprint states in its brief, "Wave relies on a near identical argument as WOW to argue that it is entitled to summary judgment. For essentially the same reasons as described above with respect to WOW, the Court should deny Wave's motion." (D.I. 308 at 22). I agree with Sprint that Wave and WOW make nearly identical arguments, and that Sprint responds with essentially the same argument. In a separate Memorandum Order filed in No. 18-363, I explain at more length why I am granting summary

---

[1] For ease of reference, all citations, unless otherwise indicated, are to the docket items in no. 18-363, which has the identical briefing.

judgment of no willful infringement for Wave. As the issues here are the same, the result is the same.

I rely upon what I said in the Memorandum Order in No. 18-363.

I do comment on some arguably different facts for WOW than for Wave. First, like Wave, WOW was aware "through the media" that Sprint had sued some other cable companies including Comcast at the end of 2011. (D.I. 309-1, Ex. T at 461-62 of 1002). But Sprint also cites a lengthy section of a deposition about what WOW knew in 2017 (D.I. 308 at 18; *see* D.I. 309-1, Ex. V at 593-95 of 1002). Since the relevant patents expired in 2014, the 2017 knowledge adds nothing. Second, Sprint asserts that it has copying evidence because WOW used the same Nortel equipment—a CS2K—to connect calls that Sprint had used in 2007-08. (D.I. 308 at 20; *see* D.I. 309-1, Ex. V at 581 of 1002). But Sprint does not connect the dots to show why using an existing piece of equipment supplied by a third party would make any infringement "copying." Third, General Counsel for WOW stated at his deposition that WOW should have anticipated litigation with Sprint in 2010 "based on what transpired," although he did not recall that WOW was in fact expecting litigation. (D.I. 309-1, Ex. U at 495, 512 of 1002). Leaving aside the ambiguity of "based on what transpired," which appears to refer to the lawsuit filed in 2018, what WOW should have anticipated on the basis of whatever hindsight was being referred to is irrelevant. Fourth, there is correspondence in 2010 where the parties were at an impasse on discussing whether any of Sprint's patents were infringed by WOW. (D.I. 309-1, Exs. W, X, Y, Z at 607-18 of 1002). Sprint would not provide any information without an NDA, but WOW, after "consult[ing] with our own IP counsel," would not sign the NDA since it was "premature" without some "information or other data provided by Sprint which suggests any

infringement." (*Id*. at 617 of 1002).  The impasse at discussing the matter does not make WOW's infringement, if proved, willful.

Defendants' motion for summary judgment of no willfulness (No. 18-361, D.I. 258) is **GRANTED**.

IT IS SO ORDERED this 16th day of March 2021.

/s/ Richard G. Andrews<br>
United States District Judge