IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 18-361 (RGA) ) |
| WIDEOPENWEST, INC., et al., | ) **REDACTED** ) **PUBLIC VERSION** |
| Defendants. | ) |

**SPRINT'S MOTION *IN LIMINE* II AND ASSOCIATED BRIEFING:
MOTION TO PRECLUDE ARGUMENTS REGARDING ALLEGED
"FOLKLORE" THAT WOW WAS LICENSED OR OTHERWISE
HAD RIGHTS TO PRACTICE SPRINT'S PATENTS**

OF COUNSEL:

B. Trent Webb
Ryan J. Schletzbaum
Ryan D. Dykal
John D. Garretson
Jordan T. Bergsten
Aaron E. Hankel
Lauren E. Douville
Mark D. Schafer
Maxwell C. McGraw
Samuel J. LaRoque
Thomas M. Patton
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550

Robert H. Reckers
Michael W. Gray
SHOOK, HARDY & BACON L.L.P.
JP Morgan Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002
(713) 227-8008

POLSINELLI PC
Stephen J. Kraftschik (#5623)
Christina B. Vavala (#6135)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com
cvavala@polsinelli.com

*Counsel for Plaintiff Sprint Communications Company L.P.*

Original Filing Date: October 14, 2022
Redacted Filing Date: October 24, 2022

86135891.1

## II. MOTION TO PRECLUDE ARGUMENTS REGARDING ALLEGED "FOLKLORE" THAT WOW WAS LICENSED OR OTHERWISE HAD RIGHTS TO PRACTICE SPRINT'S PATENTS

Sprint anticipates WOW will attempt to offer testimony and evidence of alleged WOW company "folklore" that WOW had a perpetual license or had acquired rights to practice Sprint's patents.[2] The Court should exclude any testimony and argument under FED. R. EVID. 402, 403, 602, and 802.

In his deposition, WOW's Rule 30(b)(6) designee ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

When asked for the basis of this understanding, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. When Sprint sought the details of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ WOW's counsel objected on privilege grounds, argued that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ subsequently testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[2] WOW initially acknowledged that it does not have an express license to the patents, and, thus, it would not introduce of WOW's belief it held rights to Sprint's patents, including the "folklore" testimony from ▇▇▇▇▇▇▇▇ *See* ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ WOW subsequently reversed course and intends to introduce this evidence at trial. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

7

Following ███████ deposition, Sprint reasserted that ███████ waived attorney client privilege as to the legal advice from ███████ ███████ WOW's exposure for infringing Sprint's patents. ███████████████████████████████████ WOW's counsel disagreed, and repeated that ███████████ "about company 'folklore' he heard regarding the existence of a patent release agreement." ███████████████████████████████ WOW's counsel also invited Sprint to question ███████ regarding this "folklore," and admitted that WOW was "not aware of any documents or communications supporting the existence of such a release agreement between Sprint and WoW [sic] nor of this alleged communication between █ ███████████████." *Id.* When Sprint asked ███████ at his deposition about these alleged conversations, ███████ testified that ███████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████ *Id.* at 41:24-42:2.

First, Mr. Mitchell and Mr. Martin should be precluded from offering the "folklore" testimony under FED. R. EVID. 602. ███████████████████████████████ ███████, and WOW's counsel affirmatively stated that no such documents existed. Further, WOW's counsel confirmed that there are no documents supporting the existence of any of the communications between Mr. Mitchell and Mr. Martin. WOW should not be permitted to elicit this testimony regarding companywide "folklore" when there is no recollection that these conversations took place or any evidence of a companywide belief to the same. *See York Int'l Corp. v. Liberty Mutual Ins. Co.*, 2015 WL 4162981, at *3 (M.D. Penn. July 9, 2015) ("Rule 602

8

. . . should not extend so far as to allow witness testimony that is merely based on speculation as to what a third party believed or knew.").

Second, any testimony on a companywide belief that there was an exit agreement with Sprint or that WOW had a continuing license or rights to Sprint's patents is inadmissible hearsay. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" and WOW would use this vague and untestable testimony to prove that there was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and that WOW employees justifiably believed they were immune from infringement claims. *See U.S. v. Blackwell*, 459 F.3d 739, 754–55 (6th Cir. 2006) (excluding testimony regarding company buyout rumors because the testimony was "hearsay even if offered to prove the existence of the [buyout] rumor[, and] . . . would be double hearsay if offered to prove the existence of the buyout").

Third, because WOW cannot produce a single document supporting ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, the marginal, if any, probative value for this testimony and argument is vastly outweighed by the significant prejudice to Sprint. There should be no dispute that WOW never licensed or otherwise obtained rights to Sprint's patents. WOW should not be permitted to suggest to the jury otherwise based on admitted "folklore." Sprint respectfully requests that this Court preclude WOW from eliciting testimony or presenting argument regarding a companywide belief or "folklore" that WOW licensed or otherwise had rights to practice Sprint's patented technology.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 18-361-RGA |
| WIDEOPENWEST, INC., WIDEOPENWEST NETWORKS, INC., WIDEOPENWEST FINANCE, LLC, WIDEOPENWEST GEORGIA, LLC, KNOLOGY OF ALABAMA, INC., KNOLOGY OF FLORIDA, LLC, KNOLOGY OF GEORGIA, INC., KNOLOGY OF SOUTH CAROLINA, INC., KNOLOGY OF TENNESSEE, INC., KNOLOGY OF KANSAS, INC., AND ANNE ARUNDEL BROADBAND, LLC | ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO SPRINT'S MOTION IN LIMINE II**

## II. WOW's Belief That Sprint Had Given WOW Rights to Sprint's Patents Is Admissible

Sprint's MIL #2 seeks to exclude testimony which is relevant to WOW's implied license and equitable estoppel defenses, is within the witnesses' personal knowledge and is not hearsay. Sprint's *limine* focuses on supposed factual issues with the testimony of two WOW witnesses, Ryan Mitchell and Craig Martin, but Sprint's complaints should be resolved at trial through cross-examination and weighing of the witnesses' credibility by the fact finder.

During his deposition, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[5] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4



This testimony establishes that WOW believed that by transitioning WOW subscribers off of Sprint's network and by payment of the early termination fee, Sprint had implicitly agreed to WOW's provision of VoIP services. This is relevant to WOW's implied license and equitable estoppel defenses,[6] both of which require demonstrating that WOW believed or inferred that Sprint consented to its provision of VoIP services and did not intend to assert its patents against WOW.[7]

Sprint argues that Mr. Mitchell and Mr. Martin do not have personal knowledge sufficient to support their testimony, but that is not true. ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ and "knowledge acquired through others may still be personal knowledge within the meaning of Fed. R. Evid. 602." *Agfa—Gevaert, A.G. v. A.B. Dick Co.,* 879 F.2d 1518, 1523 (7th Cir. 1989).[8]

---

[6] WOW believes both its implied license defense and its equitable estoppel defense should be presented to the jury, and this issue has been fully briefed in the parties' pre-trial order.

[7] *See Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1580 (Fed. Cir. 1997) (implied license can arise from "conduct on [the patent owner's] part exhibited to another from which that other may properly infer that the owner consents to his use of the patent"); *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1041-42 (Fed. Cir. 1992) (equitable estoppel requires "affirmative conduct by the patentee inducing the belief [by the alleged infringer] that it abandoned its claims against the alleged infringer.").

[8] The fact that Mr. Mitchell and Mr. Martin could not remember specific details in response to Sprint's questioning does not render their testimony inadmissible under Rule 602. Indeed, their

Their testimony is not hearsay either as it is not being offered for the truth of the matter asserted; WOW is not arguing that it has an express license to use Sprint's Patents. *See* Fed. R. Evid. 801(c)(2). Instead, this testimony is offered to show the WOW's state of mind and its belief that Sprint had consented to WOW's provision of VoIP services on its own. *See Greatbatch Ltd. v. AVX Corp.*, C.A. No. 1:13-cv-723-LPS, D.I. 997 at 5 (D. Del. July 20, 2017) (denying *limine* where supposed hearsay evidence went to state of mind of defendant).[9]

Sprint will not be prejudiced by the introduction of this testimony.[10] Sprint's criticisms of the testimony these witnesses (and any supposed conflicts between the two) go to the weight to be afforded to the testimony by the fact finder, not its admissibility. *See Microsoft Corp. v. Corel Corp.*, 5:15-cv-05836-EJD, D.I. 278 at 3-4 (N.D. Cal. Jan. 18, 2018) ("potential conflict" with other testimony "goes to the weight and credibility" which can be tested on cross-examination). Sprint has already designated their transcripts (including the testimony it now complains about), and Mr. Martin will be presented live at trial. *See* Ex. M, Sprint Dep. Designations; Ex. N, WOW Trial Witness List. Sprint will have the opportunity to play any testimony it believes contradicts or impeaches these witnesses and cross examine Mr. Martin live. *See Cirba Inc. v. VMware, Inc.*, C.A. No. 19-742-LPS, D.I. 460 at 1-2 (D. Del. Jan. 6, 2020) (denying MIL seeking to exclude testimony where the witness's deposition testimony can be played and he can be cross-examined live). Because Sprint's complaints about the testimony of Mr. Mitchell and Mr. Martin go to weight and not admissibility, Sprint's MIL #2 should be overruled.

---

incomplete recollections are a consequence of Sprint waiting more than eleven years to file suit against WOW and also relate to WOW's defenses.

[9] *See also HSM Portfolio LLC v. Elpida Memory Inc.*, 1:11-cv-00770-RGA, D.I. 1237 at 2 (D. Del. Feb. 19, 2016) (denying motion to exclude where evidence "was not offered to prove whether the chips were successful or effective, but rather to show reactions within the industry.")

[10] Sprint itself designated the testimony it now complains about in its ***own affirmative*** designations. *See, e.g.*, Ex. M, Sprint Dep. Designations (designating Mitchell at 242:1-24).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 18-361 (RGA) ) |
| WIDEOPENWEST, INC., et al., | ) **CONFIDENTIAL** ) **FILED UNDER SEAL** |
| Defendants. | ) |

**SPRINT'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* II**

OF COUNSEL:

B. Trent Webb
Ryan J. Schletzbaum
Ryan D. Dykal
John D. Garretson
Jordan T. Bergsten
Aaron E. Hankel
Lauren E. Douville
Mark D. Schafer
Maxwell C. McGraw
Samuel J. LaRoque
Thomas M. Patton
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550

Robert H. Reckers
Michael W. Gray
SHOOK, HARDY & BACON L.L.P.
JP Morgan Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002
(713) 227-8008

October 14, 2022

POLSINELLI PC
Stephen J. Kraftschik (#5623)
Christina B. Vavala (#6135)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com
cvavala@polsinelli.com

*Counsel for Plaintiff Sprint Communications Company L.P.*

86136627.1

The Court should reject WOW's attempt to confuse the jury with testimony regarding WOW's "belief" that it held contractual rights to Sprint's patents. Not only is such a belief admittedly contrary to the facts—no such agreement exists[5]—the testimony puts privileged conversations at issue. WOW seeks to use this "folklore" "belief" to confuse the jury into excusing its infringement. At the same time, WOW has withheld documents relevant to whether in fact this "belief" was actually held and communicated by WOW's in house counsel ▮▮▮▮▮▮[6] ▮▮▮▮▮▮ The prejudice is apparent: WOW cannot use privilege as a sword to excuse its conduct through attorney beliefs and shield from Sprint evidence contrary to those beliefs. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, No. CV 08-309-LPS, 2018 WL 5631531, at *1 (D. Del. Oct. 31, 2018) (finding "the risk of unfair prejudice to [plaintiff] substantially outweigh[ed] the probative value of the evidence at issue in this motion" and excluding evidence of advice of counsel that "would give the jury an erroneous impression").

Second, the evidence WOW seeks to admit is irrelevant and highly prejudicial to Sprint. WOW concedes it does not have an express license to use Sprint's Patents (WOW Opp. Br. at 6), and WOW's equitable defenses should not be tried to a jury. *See* PTO. With willfulness out of the case, "a defendant's mental state is irrelevant" to infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). By inserting this testimony, Sprint would be prejudiced in having to explain the unreasonableness of the "beliefs" without documents withheld by WOW.[7]

---

[5] WOW's counsel confirmed he is "not aware of any documents or communications supporting the existence of such a release agreement." *See* Ex. E, Email from Vu to Schletzbaum.

[6] ▮▮▮▮▮▮

[7] To the extent the court allows WOW to introduce evidence of its beliefs, Sprint requests a limiting instruction to the jury that such evidence should not be considered on issues of whether WOW infringed, the validity of the claims, or the damages to be awarded. *See* Ex. O, TWC Jury Inst.

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 24, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Steven J. Balick<br>Andrew C. Mayo<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>(302) 654-1888<br>*Attorneys for Defendants WideOpenWest, Inc., WideOpenWest Networks, Inc., WideOpenWest Finance, LLC, WideOpenWest Georgia, LLC* | *BY ELECTRONIC MAIL* |
| Robinson Vu<br>Natalie Alfaro Gonzales<br>Lindsay Volpenhein Cutie<br>Amy E. Bergeron<br>Charles Stephen Maule<br>Roger Fulghum<br>Lori Ding<br>BAKER BOTTS L.L.P.<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, TX 77002-4995<br>(713) 229-1234<br>*Attorneys for Defendants WideOpenWest, Inc., WideOpenWest Networks, Inc., WideOpenWest Finance, LLC, WideOpenWest Georgia, LLC* | *BY ELECTRONIC MAIL* |

86135891.1

2

G. Hopkins Guy, III  BY ELECTRONIC MAIL
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA  94304-1007
(650) 739-7500
*Attorneys for Defendants WideOpenWest, Inc.,
WideOpenWest Networks, Inc., WideOpenWest
Finance, LLC, WideOpenWest Georgia, LLC*

/s/ *Stephen J. Kraftschik*
_____
Stephen J. Kraftschik (#5623)

2

86135891.1