# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

January 6, 2023

The Honorable Richard G. Andrews
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

**REDACTED PUBLIC VERSION**

RE:     *Sprint Communications Company L.P. v. WideOpenWest, Inc., et al.*,
        C.A. 18-361(RGA)

Dear Judge Andrews:

Pursuant to the Court's December 19, 2022 Order (D.I. 449), the parties hereby submit their joint letter regarding the *in camera* inspection of certain WOW documents withheld from Sprint as privileged and discussed during the October 25, 2022 pretrial conference.  Under separate cover, WOW will be submitting the documents on its privilege log for *in camera* inspection today.

**WOW's Statement:**

WOW will be submitting all logged documents that have any bearing on this lawsuit. Because the total number of pages is not large, WOW concluded that this is the most efficient way to resolve this issue raised by Sprint's counsel during the pretrial conference in connection with Sprint's second motion *in limine*.

During the course of reviewing these documents for purposes of resolving this issue, new lead counsel for WOW determined that an amendment to a previous interrogatory response was necessary.  WOW served that interrogatory response earlier this week and invited a conversation with Sprint's counsel to determine what accommodations Sprint believed it needed in order to have a full opportunity to explore this new information before trial.  Counsel for WOW is reviewing the litigation record to see what other actions may be necessary.  Additionally, the parties are working together to see if an agreement can be reached and presented for the Court's consideration.  WOW is optimistic that this can be completed within the next couple of weeks.

Because the parties have just started the process of working together to determine how to best address this development, Sprint's allegations below are premature.  The issue presently before the Court is Sprint's Motion *in Limine* II and Sprint's assertion that WOW is withholding privileged documents that are allegedly inconsistent with WOW's belief that it would not be sued by Sprint based on the circumstances surrounding the termination agreement with Sprint and Sprint's long delay in filing suit.  Any additional disputes resulting from this recent development will be separately presented to the Court, if the parties are unable to reach agreement.  In the event an

The Honorable Richard G. Andrews
January 6, 2023
Page 2

additional dispute is presented to the Court, WOW will submit its substantive responses to Sprint's allegations at that time.

**Sprint's Statement:**

There have been two recent developments that relate to this dispute: (1) Sprint understands that WOW will be submitting nearly all of the 56 documents on its privilege log for the Court's review while confirming its intention to offer testimony regarding its in-house counsel's state of mind to support its equitable defenses; and (2) in light of those documents, WOW's new outside counsel has supplemented WOW's discovery responses to admit that WOW had pre-suit knowledge of six asserted Sprint patents in June 2010, contrary to its repeated prior representations that WOW had no pre-suit knowledge.  As explained below, both developments impact the Court's review of the withheld documents.

First, as discussed during the pretrial conference and confirmed by WOW's counsel on January 4, 2023, WOW still intends to present equitable defenses of implied license and estoppel at trial. In support of those defenses, WOW intends to offer testimony from WOW's General Counsel, Mr. Craig Martin, relating to his beliefs as to whether Sprint would enforce its patents against WOW.  As one example, during his deposition Mr. Martin testified as to communications he had with WOW's CEO, Colleen Abdullah, and Vice President, Cristin Brown, regarding the companies' "shock" in 2010 when Sprint sent a letter requesting to have patent licensing discussions. [1]  Ex. A, Martin Dep. Tr., at 47:9-48:6, 48:24-50:14, 53:22-58:13, 115:10-118:6.[2] If the documents WOW submitted to the Court for *in camera* review relate to Mr. Martin's knowledge or beliefs regarding Sprint's VoIP patent enforcement efforts, those documents should be produced to Sprint. WOW should not be permitted to offer testimony from its General Counsel that he was "shocked" when Sprint filed suit while withholding documents reflecting Mr. Martin's actual communications and knowledge of Sprint's patents and its enforcement efforts.  This scenario presents a classic

---

[1] Based on WOW's First Amended Privilege Log, WOW cannot credibly claim to have been shocked in 2010 by Sprint's demands, or the subsequent lawsuit, because it originally withheld 2010 communications as ***work product*** prepared in anticipation of litigation. *See, e.g.,* D.I. 446, Ex. B, at Log Entry No. 23 ("WP" privilege claim related to "patent infringement demand letter"); *see also Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1428 (3d Cir. 1991) (the work product doctrine protects documents "prepared by or on behalf of attorneys in anticipation of litigation").  In February 2020, shortly after Mr. Martin's deposition, WOW removed the work product claims.  *See, e.g.,* Ex. C, at Log Entry 23.  But amending the privilege log does not alter the document's contents, and Sprint remains concerned that the document associated with Entry No. 23 (and many others, such as 1-3, 7, 19-36) actually reflects WOW's anticipation of litigation with Sprint, as indicated by WOW's prior privilege log and contrary to its claims of being "shocked" by this litigation.  *See also* Ex. A, Martin Dep. Tr. at 86:12-86:22 (not recalling whether WOW anticipated litigation with Sprint in 2010).

[2] WOW's privilege log contains numerous entries claiming attorney-client privilege over communications between Mr. Martin and Ms. Brown during this same 2010 time period. *See, e.g.,* Ex. C, Log Entry Nos. 7, 14, 22-27.

The Honorable Richard G. Andrews
January 6, 2023
Page 3

sword and shield problem that, in fairness, can only be resolved through production of these documents to Sprint.[3]  Should the Court require further briefing on the waiver issue after reviewing the withheld documents, Sprint welcomes the opportunity to submit further authority and argument in support.

Second, in reviewing the documents submitted to the Court for *in camera* review, WOW's new counsel has acknowledged that—contrary to its prior discovery responses, 30(b)(6) testimony, and representations to this Court—WOW had actual knowledge of the asserted patents in June 2010. On January 4, 2023, WOW served a supplemental response to Sprint's Interrogatory No. 7 regarding WOW's knowledge of the asserted patents.  Sprint served Interrogatory No. 7 on July 25, 2018.  Up until two days ago, and consistent with the "shock" narrative in Mr. Martin's testimony above, WOW's response has always been that "Defendants first learned of the asserted patents as a result of the filing of this case."  Ex. B. WOW's latest response directly contradicts this statement and now says "Defendants became aware of the following Sprint patents in June 2010:  U.S. Patent Nos.  6,298,064;  6,304,572;  6,343,084;  6,452,932;  6,463,052;  6,473,429;  6,633,561;  and 6,665,294."[4]  *Id.*[5] As the Court may recall, WOW relied on a lack of pre-suit notice of the asserted patents as its lead argument in moving for summary judgment of no willful infringement.  Indeed, WOW's opening motion for summary judgment states "It is undisputed that WOW had no knowledge of any specific Sprint patents, much less any of the Remaining Asserted Patents, until Sprint filed this case after the Remaining Asserted Patents had already expired."  D.I. 259 at 15-16; *see also id.* at 16 ("WOW simply did not have the awareness needed to support the [willfulness] claim."); *id.* at 18 (summarizing WOW witness testimony on the lack of "specific knowledge of Sprint's patents"); D.I. 335 at 4-5 ("WOW Lacked Knowledge and Subjective Willfulness to Infringe the Remaining Asserted Patents").  Each of these statements are false, and WOW now admits to knowledge of six of the asserted Sprint patents in June 2010—four years before the patents expired.

---

[3] Mr. Martin's disclosure of at least some of the attorney client communications relating to legal advice on implied license has expressly waived privilege over the subject matter as to all communications that refer to or reflect the timing and nature of any WOW employee's belief that WOW anticipated potential litigation with Sprint or that WOW possessed rights to Sprint's patents.  *See GTECH Corp. v. Scientific Games Int'l, Inc.*, No. 04-138-JJF, 2005 WL 8170737, *2 (D. Del. Nov. 22, 2005) (finding "if a partial waiver would be unfair to the party's adversary, the privilege will be waived as to all communications or materials on the same subject") (citing *Westinghouse*, 951 F.2d at 1426 n. 13).

[4] Sprint asserted six of these patents against WOW: 6,298,064; 6,343,084; 6,452,932; 6,463,052; 6,473,429; and 6,633,561. The other two patents are in the same families as the patents asserted here and were asserted by Sprint in the *Vonage* litigation in 2005.

[5] WOW's new supplemental response also acknowledges that WOW learned of Sprint's prior lawsuits on overlapping patents in December 2011 against Cox, Comcast, Cable One, and Time Warner Cable, and in May 2010 against NuVox, Broadvox, Big River, and Paetec.  This further suggests WOW was monitoring Sprint's enforcement efforts and the patents asserted in those cases. Previously, WOW claimed to have learned of these other lawsuits "through [Sprint's] complaint in this case." Ex. B.

The Honorable Richard G. Andrews
January 6, 2023
Page 4

This revelation as to pre-suit notice of the asserted patents has far-reaching consequences. If the documents show, as WOW now admits, that WOW knew about the asserted patents in June 2010 based on some internal investigation, review of Sprint's prior lawsuits, or even consultation with outside counsel, then WOW's summary judgment briefing must be corrected, and the Court's order vacated. D.I. 371, Memorandum Order. Additionally, if the documents show WOW had any appreciation of risk that WOW may be infringing the asserted patents without a license, or that Sprint may assert infringement claims, then WOW cannot proceed with its equitable (or any other) defenses based on a false narrative that it reasonably believed it was free of risk of infringement or a suit by Sprint.[6]

Finally, WOW's recent admission to pre-suit notice of the asserted patents impacts additional aspects of this case, including the above privilege issue, discovery, willfulness, and the scope of trial. Sprint is still evaluating all of the steps that will be necessary to correct the discovery record, summary judgment filings, and scope of trial in light of WOW's prior misrepresentations. Further, WOW's pending motion for a jury trial on implied license by equitable estoppel is implicated by this new revelation at least because the scope of both parties' proffer is likely to change. Sprint's counsel has conferred with WOW's counsel on the recent interrogatory response, and the parties will continue to discuss the necessary relief caused by WOW's conduct. The parties propose submitting a joint status report in two weeks, on January 20, outlining any agreed steps that should be taken as well as any disputes warranting the Court's involvement as a result of WOW's new interrogatory response.

Respectfully,

/s/ Andrew C. Mayo

Andrew C. Mayo (#5207)

ACM/mlk

cc:     All Counsel of Record (via electronic mail)

---

[6] Not only is this narrative potentially false, WOW's decision to withhold facts from Sprint as to its awareness of Sprint's patents until required to submit the documents to the Court for *in camera* review means that, at a minimum, WOW has unclean hands, thereby undermining WOW's request for equitable relief from the Court.

# EXHIBIT A

# REDACTED IN ITS ENTIRETY

# GZJ KDKV D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-361-RGA |
| | ) | |
| WIDEOPENWEST, INC., WIDEOPENWEST NETWORKS, INC., and WIDEOPENWEST FINANCE, LLC, WIDEOPENWEST GEORGIA, LLC, KNOLOGY OF ALABAMA, INC., KNOLOGY OF FLORIDA, LLC, KNOLOGY OF GEORGIA, INC., KNOLOGY OF SOUTH CAROLINA, INC., KNOLOGY OF TENNESSEE, INC., KNOLOGY OF KANSAS, INC. AND ANNE ARUNDEL BROADBAND, LLC | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S COMMON INTERROGATORY NO. 7**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, Defendants WideOpenWest, Inc., WideOpenWest Networks, Inc., and WideOpenWest Finance, LLC (collectively, "Defendants"), by and through the undersigned counsel, hereby provide their first supplemental responses to Plaintiff's Common Interrogatory No. 7.

Defendants incorporate the general and specific objections identified in their October 29, 2020 Third Supplemental Responses to First Set of Common Interrogatories.

**INTERROGATORY NO. 7:**

Describe Your knowledge of Sprint's intellectual property, including a description of Your awareness of Sprint's VoIP portfolio (including but not limited to Your first awareness of the patents-in-suit or patents asserted in Sprint's prior litigations discussed in the Complaint), Your

awareness of Sprint's prior litigations (as discussed in the Complaint), any actions taken relating to that knowledge, any terminology, shorthand, codewords, or nicknames used by You when discussing the foregoing, and the identities of all individuals having this knowledge or awareness.

**ORIGINAL ANSWER:**

Defendants object to Interrogatory No. 7 as set forth in their General Objections. Defendants further object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case, considering at least the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit, to the extent it requests "the identities of *all* individuals having this knowledge or awareness." Defendants further object to the use of the phrase "Your knowledge of Sprint's intellectual property" as overly broad, vague and ambiguous, as it encompasses far more than the patents-in-suit or patents asserted in Sprint's prior litigations, including, for example, trademarks, copyrights and other intellectual property of Sprint's that are completely unrelated to any parties' claims or defenses. In an effort to meaningfully respond to Sprint's Interrogatories, Defendants will describe their knowledge of the asserted patents and Sprint's prior litigations involving any Asserted Patent.

Subject to Defendants' foregoing objections, Defendants respond as follows:

Defendants first learned of the asserted patents as a result of the filing of this case. Defendants first learned of the *Sprint Communications Company L.P. v. Vonage Holdings Corp., et al.*, Case No. 05-cv-2433 (D. Kan.), litigation when Defendants received a letter from Sprint on December 17, 2007, regarding questions from Sprint's cable partners. Defendants first learned of Sprint's other prior litigations through its complaint in this case.

Defendants further respond that Steve Stanfill is knowledgeable about the foregoing.

Defendants' investigation is ongoing, and Defendants reserve the right to supplement, revise, or render more specific their response to Interrogatory No. 7.

**AMENDED ANSWER:**

Defendants first learned of *Sprint Communications Company L.P. v. Vonage Holdings Corp., et al.*, Case No. 05-cv-2433 (D. Kan.), when Defendants received a letter from Sprint on December 17, 2007, regarding questions from Sprint's cable partners.

Defendants first learned of Sprint's prior lawsuits against NuVox, Broadvox, Big River Telephone, and Paetec in May of 2010.

Defendants became aware of the following Sprint patents in June of 2010:  U.S. Patent Nos.  6,298,064;  6,304,572;  6,343,084;  6,452,932;  6,463,052;  6,473,429;  6,633,561;  and 6,665,294.

On June 22, 2010, Defendants sent a letter to Sprint proposing an in-person meeting and requesting Sprint to identify any specific patents and patent claims that Sprint believed were relevant to Defendants' operations.  This letter was produced as WOWSprint0594603–059604.  Sprint did not accept this invitation and did not identify any specific patents or patent claims until it filed the present lawsuit against Defendants on March 7, 2018—nearly eight years later.  Shortly after this lawsuit was filed in 2018, Defendants received a copy of the complaint and learned of the specific patents and patent claims underlying Sprint's infringement allegations.

Defendants first learned of Sprint's 2011 lawsuits against Cox, Comcast, Cable One, and Time Warner Cable in December of 2011.

Dated:  January 4, 2023

By:  */s/ Andrew C. Mayo*
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888 (telephone)
amayo@ashbygeddes.com

*Of Counsel:*

G. Hopkins Guy, III
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304-1007
(650) 739-7500

Roger Fulghum
Robinson Vu
Natalie Alfaro Gonzales
Lindsay Volpenhein Cuité
Amy E. Bergeron
Charles Stephen Maule
Lori Ding
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995

Richard L. Brophy
Marc W. Vander Tuig
Wenkai Tzeng
Melanie E. King
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070

*Attorneys for Defendants*

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-361-RGA |
| | ) | |
| WIDEOPENWEST, INC., WIDEOPENWEST | ) | JURY TRIAL DEMANDED |
| NETWORKS, INC., and WIDEOPENWEST | ) | |
| FINANCE, LLC, WIDEOPENWEST GEORGIA, | ) | |
| LLC, KNOLOGY OF ALABAMA, INC., | ) | |
| KNOLOGY OF FLORIDA, LLC, KNOLOGY OF | ) | |
| GEORGIA, INC., KNOLOGY OF SOUTH | ) | |
| CAROLINA, INC., KNOLOGY OF TENNESSEE, | ) | |
| INC., KNOLOGY OF KANSAS, INC., AND | ) | |
| ANNE ARUNDEL BROADBAND, LLC, | ) | |
| | ) | |
| Defendants. | | |

## **DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**

Pursuant to Scheduling Order (D.I. 24), as amended by the Parties' stipulated extensions, and Stipulated Protective Order (D.I. 50), Defendants WideOpenWest, Inc., WideOpenWest Networks, Inc., and WideOpenWest Finance, LLC, along with WideOpenWest Georgia, LLC, Knology of Alabama, Inc., Knology of Florida, LLC, Knology of Georgia, Inc., Knology of South Carolina, Inc., Knology of Tennessee, Inc., Knology of Kansas, Inc., and Anne Arundel Broadband, LLC (collectively, "Defendants"), by and through the undersigned counsel, hereby serve this privilege log on Plaintiff Sprint Communications Company L.P. identifying any documents generated before December 1, 2017 that Defendants are withholding on the grounds of attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privilege, immunity, or protection. Defendants reserve the right to supplement this privilege log should they discover additional privileged documents.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendants*

*Of Counsel:*

Robinson Vu
Lindsay Volpenhein Cutié
Amy E. Bergeron
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX  77002-4995
(713) 229-1234

Timothy S. Durst
BAKER BOTTS L.L.P.
2001 Ross Avenue
Suite 900
Dallas, Texas 75201-2980
(214) 953-6500

Dated:  February 10, 2020

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**

*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*

No. 18-361-RGA (D. Del.)

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|---|---|---|---|---|---|---|---|
| 1 | 2/3/2010 | Martin, Craig | ██████ ████████ ████████ ████████ ████████ ████ | ██████ █████████ ██████ | | AC | ████████████ ████████████ ████████████ ████████ ████████████ ████ |
| 2 | 2/3/2010 | Martin, Craig | █████ █████ ████████ ████████ ████████ ███ | ██████ █████████ █████ | | AC | ████████████ ████████████ ████████ |

1

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**
*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*
No. 18-361-RGA (D. Del.)

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|-----|-----------|-----------|--------|----------|----------|------------|-------------|
| 3 | 2/13/2010 | ██████ ████ | ██████████ ███ | ██████████ ██████ | | AC | █████████████████ ████████████████████ ████████████████ |

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**

*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*

**No. 18-361-RGA (D. Del.)**

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|-----|-----------|-----------|--------|----------|----------|------------|-------------|
| 4 | 4/12/2010 | ███ ██ | ████ ████ ██ | ████ ████ | | AC; CIP | ████ ████ ████ ████ ████ ████ ████ ████ |
| 5 | 4/12/2010 | ███ █ | ████ ████ ██ | ████ ████ ██ | | AC; CIP | ████ ████ ████ ████ ████ ████ ████ |

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**
*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*
**No. 18-361-RGA (D. Del.)**

| 6 | 4/16/2010 | ██████ ████ | ████████ ███████ ██████ | | | AC; CIP | |

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**
*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*
**No. 18-361-RGA (D. Del.)**

|  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

Defendants' Second Amended Privilege Log
February 10, 2020

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**
*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*
No. 18-361-RGA (D. Del.)

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|-----|-----------|-----------|--------|----------|----------|------------|-------------|
|  |  |  |  | ██████ |  |  |  |
|  |  |  |  | ██████ |  |  |  |
| 7 | 4/22/2010 | ███ ██ | ██████ ██████ ████ | ██████ ██████ | ███████ ███████ ███████ ███████ █████ █████ ██████ ██████ ██████ ██████ | AC | ████████ ██████ ████ █████ |
| 8 | 5/3/2010 | ███ ██ | ██████ ██████ █ | ██████ ████ | | AC; CIP | █████ ██████ ██████ ██████ ██████ █████ ██████ |
| 9 | 5/4/2010 | ███ ██ | ██████ ██████ ████ | ██████ ██████ | | AC | ██████ ██████ ██████ ██████ █ |

6

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**
*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*
No. 18-361-RGA (D. Del.)

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|---|---|---|---|---|---|---|---|
| 10 | 5/4/2010 | ██ ██ | ████ █ | ████ ████ | | AC; CIP | ██ ████ ████ ████ ████ ████ ████ ████ ████ ██ |
| 11 | 6/3/2010 | ██ ██ | ████ ████ ███ | ████ ████ ████ | | AC | ████ ████ ████ █ |

Defendants' Second Amended Privilege Log
February 10, 2020

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**
*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*
No. 18-361-RGA (D. Del.)

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|---|---|---|---|---|---|---|---|
| 12 | 6/4/2010 | ██████ ████ | ████████ ████████████ ██████ | ████████ ████████████ ██████ | ████████████ ██████████████ ████ ██████████████ ██████████ ██████████ ██████████ ████████████ ████████ ██████████████ ██████████████ ██████████████ ████ ████████████ ████ | AC | ████████████████ ████████████ ██████████████ ████ |
| 13 | 6/4/2010 | ██████ ████ | ████████████ ██████ ██████ | ████████████ ██████████ | ██████████ ██████████ | AC | ████████████████ ████████████ ██████████ ██████████ ████████████ ██████ |

8

Defendants' Second Amended Privilege Log
February 10, 2020

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**
*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*
**No. 18-361-RGA (D. Del.)**

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|-----|-----------|-----------|--------|----------|----------|------------|-------------|
| 14 | 6/4/2010 | ███ ██ | ███████ ██████ ██████ | █████ ████████ | ██████ ████ ███ ████ █████ █████ ██████ ███████ ████ | AC | ███████████ █████████ ████████████ █ |
| 15 | 6/4/2010 | ███ ██ | ███████ █████ | █████ ██████ | | AC | ███████ ███████ ████████████ ████████████ ██████████ █████████ |

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**

*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*

No. 18-361-RGA (D. Del.)

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|---|---|---|---|---|---|---|---|
| 16 | 6/7/2010 | ██ ██ | ████ ████ | ████ ████ ████ ████ ████ ████ ████ ████ ████ ████ ████ ████ | ███ ████ ████ ███ ████ ██ | AC | ████ ████ ████ ████ ████ ██ |
| 17 | 6/8/2010 | ██ ██ █ | ███ ██ | ████ ███ ███ | ███ ████ | AC | ████ ████ ████ ██ |
| 18 | 6/8/2010 | ██ ██ | ███ ██ | ███ ███ | | AC; WP | ████ ███ ███ ███ ███ |

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**

*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*

No. 18-361-RGA (D. Del.)

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|-----|-----------|-----------|--------|----------|----------|------------|-------------|
| 19 | 6/15/2010 | ██ ██ | ████ █ | ████ ████ | ████ ██ | AC | ████ ████ ████ |
| 20 | 6/17/2010 | ██ ██ | ████ █ | ████ ████ | ████ ████ ███ ████ ███ ████ ████ █ | AC | ████ ████ ████ |
| 21 | 6/17/2010 | ██ ██ | ███ ████ █ | ████ ████ | | AC | ████ ████ ██ ██ █████ ████ ████ ████ |

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**
*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*
No. 18-361-RGA (D. Del.)

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|-----|-----------|-----------|--------|----------|----------|------------|-------------|
| 22 | 6/17/2010 | ██ ██ | ███ ████ ██ | ████ ████ ██ ██ | | AC | ████████ ████████ ████ ████████ ████████ ████████ ████ |
| 23 | 6/17/2010 | ██ ██ | ████ ████ ████ ████ ██ | ████ ████ | ████ ████ | AC | ████ ████ ████ ████████ ████████ ████████ ████ |
| 24 | 6/18/2010 | ██ ██ | ████ ████ ████ ████ ██ | ████ ████ | | AC | ████████ ████ ████████ ████████ ████ ████ ████ |

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**
*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*
No. 18-361-RGA (D. Del.)

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|-----|-----------|-----------|--------|----------|----------|------------|-------------|
| 25 | 6/18/2010 | ▮▮ ▮ | ▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮ ▮▮ | ▮▮ ▮▮▮ | | AC | ▮▮▮ ▮▮ ▮ ▮▮▮▮ ▮▮▮▮ ▮▮▮ ▮▮ ▮ |
| 26 | 6/18/2010 | ▮ ▮ | ▮▮ ▮▮ | ▮▮ ▮▮▮ ▮ ▮▮ ▮▮ ▮▮ | ▮▮▮ ▮▮ | AC | ▮▮ ▮▮ ▮▮▮▮ ▮▮▮ ▮▮▮ ▮▮ |
| 27 | 6/19/2010 | ▮ ▮ | ▮▮ ▮ | ▮▮ ▮▮ ▮ ▮ ▮▮ ▮▮ ▮▮ ▮▮ | ▮▮▮ | AC | ▮▮ ▮ ▮▮▮▮ ▮▮▮▮ ▮▮▮▮ ▮▮ ▮▮ |

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**

*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*

**No. 18-361-RGA (D. Del.)**

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|-----|-----------|-----------|--------|----------|----------|------------|-------------|
| 28 | 6/22/2010 | ███ | ███ | ███ | ███ | AC | ███ |
| 29 | 6/22/2010 | ███ | ███ | ███ | ███ | AC | ███ |

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**
*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*
No. 18-361-RGA (D. Del.)

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|-----|-----------|-----------|--------|----------|----------|------------|-------------|
| 30 | 6/22/2010 | ██ ██ | ████ ████ | ██ ██ ██ ██ ██ ██ ██ ██ | ██ ██ ██ | AC | ████ ████ ██ ████ ████ ████ ████ |
| 31 | 6/22/2010 | ██ ██ | ████ █ | ██ ██ ██ ██ ██ ██ | ██ ██ ██ ██ ██ | AC | ████ ████ ██ ████ ████ ████ ████ |

15

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**
*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*
No. 18-361-RGA (D. Del.)

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|---|---|---|---|---|---|---|---|
| 32 | 6/22/2010 | ▮▮ | ▮▮▮▮ | ▮▮▮▮ | ▮▮▮▮ | AC | ▮▮▮▮ |
| 33 | 6/22/2010 | ▮▮ | ▮▮▮▮ | ▮▮▮▮ | ▮▮▮▮ | AC | ▮▮▮▮ |
| 34 | 6/23/2010 | ▮▮ | ▮▮▮▮ | ▮▮▮▮ | | AC | ▮▮▮▮ |

Defendants' Second Amended Privilege Log
February 10, 2020

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**
*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*
No. 18-361-RGA (D. Del.)

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|-----|-----------|-----------|--------|----------|----------|------------|-------------|
| 35 | 7/1/2010 | ██ | ██████ | █████ | █████ | AC | ████████████ |
| 36 | 8/12/2010 | ██ | ██████ | █████ | █████ | AC | ████████████ |
| 37 | 3/18/2011 | ██ | ██████ | █████ | █████ | AC | ████████████ |

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**
*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*
No. 18-361-RGA (D. Del.)

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|---|---|---|---|---|---|---|---|
| 38 | 12/21/2011 | ██ | ████ | ███ | | AC; CIP | ████ |
| 39 | 12/21/2011 | ██ | ████ | ███ | | AC; CIP | ████ |
| 40 | 12/21/2011 | ██ | ████ | ███ | | AC; CIP | ████ |

18

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**

*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*

No. 18-361-RGA (D. Del.)

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|-----|-----------|-----------|--------|----------|----------|------------|-------------|
| 41 | 12/21/2011 | ███ ███ | ███ ███ ███ | ███ ███ | | AC; CIP | ███ ███ ███ ███ ███ ███ ███ ███ ███ |
| 42 | 6/20/2013 | ███ ███ | ███ ███ ███ | ███ ███ | | AC | ███ ███ |
| 43 | 6/20/2013 | ███ ███ | ███ ███ | ███ ███ | | AC | ███ ███ |
| 44 | 6/20/2013 | ███ ███ | ███ ███ | ███ ███ | | AC | ███ ███ |
| 45 | 5/1/2014 | ███ ███ | ███ ███ | ███ ███ ███ ███ | | AC | ███ ███ ███ |

Defendants' Second Amended Privilege Log
February 10, 2020

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**

*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*

**No. 18-361-RGA (D. Del.)**

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|-----|-----------|-----------|--------|----------|----------|------------|-------------|
| 46 | 7/28/2014 | ███ | ███ | ███ | | AC | ███ |
| 47 | 7/28/2014 | ███ | ███ | ███ | ███ | AC | ███ |
| 48 | 7/28/2014 | ███ | ███ | ███ | | AC | ███ |
| 49 | 7/28/2014 | ███ | ███ | ███ | ███ | AC | ███ |

Defendants' Second Amended Privilege Log
February 10, 2020

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**
*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*
**No. 18-361-RGA (D. Del.)**

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|-----|-----------|-----------|--------|----------|----------|------------|-------------|
| 50 | 7/28/2014 | ███ | ███ | ███ | | AC | ███ |
| 51 | 7/9/2015 | ███ | ███ | ███ | | AC | ███ |
| 52 | 9/15/2015 | Jones, | ███ | ███ | | AC; WP | ███ |

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**
*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*
**No. 18-361-RGA (D. Del.)**

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|-----|-----------|-----------|--------|----------|----------|------------|-------------|
| 53 | 4/8/2016 | ███ ███ ███ █ | ███ ███ █ | ███ ███ ██ | ███ ████ ████ ██ ████ █ ███ | AC; WP | ████████ ████████ ████████ ████████ ████████ ████████ ████████ █████████ |
| 54 | 4/26/2016 | ███ ██ ███ █ | ███ ███ ██ | ███ ████ ████ | ███ ████ ███ ████ ██ █ ███ | AC; WP | ████████ ████████ ████████ █████████ ████████ █████████ |
| 55 | 4/27/2016 | ███ ██ | ███ ███ ██ | ███ ████ ███ | | AC; WP | ████████ ████████ ████████ ████████ █████ |

Defendants' Second Amended Privilege Log
February 10, 2020

**DEFENDANTS' SECOND AMENDED PRIVILEGE LOG**

*Sprint Communications Co. L.P. v. WideOpenWest Inc., et al.*

No. 18-361-RGA (D. Del.)

| No. | Main Date | Custodian | Author | Email To | Email CC | Priv. Type | Description |
|-----|-----------|-----------|--------|----------|----------|------------|-------------|
| 56 | 2/3/2010 | ████ ████ ████ | ████ ████████ ████ | ████ ██████ ████ | ████ ██████ █ █████ ███ █████ █████ █████ ███ █████ | AC | ██████ █████████ █████ █████████ |