IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiff <br><br> v. <br><br> WIDEOPENWEST, INC., et al., <br><br> Defendants. | Civil Action No. 18-361-RGA |

MEMORANDUM ORDER

The issue before me is "Sprint's assertion that WOW is withholding privileged documents that are allegedly inconsistent with WOW's belief that it would not be sued by Sprint." (D.I. 454 at 1). I held a pretrial conference for this case on October 25, 2022. While arguing for its second motion *in limine* (D.I. 433), Plaintiff Sprint raised the issue of certain privileged communications. (10/25/2022 Hr. Tr. at 32:17-25). Plaintiff's second motion *in limine* sought to exclude testimony about company "folklore" regarding a right to practice Sprint's patents. Defendants plan to assert the affirmative defense of implied license, supported by this "folklore" testimony from WOW's Rule 30(b)(6) designee, Mr. Mitchell, and general counsel, Mr. Martin. I determined that the folklore testimony would be admissible for the limited purpose of showing WOW's subjective belief, which I believed was a component of the implied license defense. (10/25/2022 Hr. Tr. at 25:18-26:2). However, Sprint is concerned that WOW is using privilege to withhold documents relevant to Mr. Martin's and Mr. Mitchell's beliefs that might undercut WOW's position. Sprint argues that this is "a classic sword and shield problem." (D.I. 454 at 2-3).

1

In their letters and at the pretrial conference, the parties identified the following privilege log entries as being at issue: 6-8, 16, 20, 33, 35, and 41-45.[1] (D.I. 453). Defendants did not submit entry 45. I have reviewed the other identified documents. Some of them are not relevant to the present dispute. Some, however, do speak to Mr. Martin's beliefs regarding the possibility of suit by Sprint. Therefore, I will exclude testimony by Mr. Mitchell and Mr. Martin regarding company beliefs and "folklore" unless Defendants within one week disclose privilege log entries 8, 20, 33, 35, and 41-44.

IT IS SO ORDERED.

Entered this 19th day of January, 2023

United States District Judge

---

[1] Plaintiff also indicates in a footnote that it is "concerned" about some additional documents claimed to be privileged. (D.I. 454 n. 1). I do not consider "concerns" (and especially not "concerns" described in a footnote) to raise any issue that I need to resolve. Therefore, I did not review these additional documents.