

222 Delaware Avenue, Suite 1101, Wilmington, DE 19801   (302) 252-0920

Original Filing Date: February 17, 2023  
Redacted Filing Date: February 23, 2023

Stephen J. Kraftschik  
(302) 252-0926  
(302) 397-2659 (Fax)  
skraftschik@polsinelli.com

The Honorable Richard G. Andrews  
U.S. District Court for the District of Delaware  
J. Caleb Boggs Federal Building  
844 North King Street  
Wilmington, DE 19801

**BY E-FILING**

**REDACTED**
**PUBLIC VERSION**

Re:   *Sprint Communications Company L.P. v. WideOpenWest, Inc., et al.*, C.A. 18-361 (RGA)

Dear Judge Andrews:

I write on behalf of Sprint concerning WOW's recent privilege waiver. On January 19, 2023, the Court ruled that testimony regarding WOW's belief that it had a right to practice Sprint's patents would be excluded unless WOW produced eight privileged documents relating to the same subject matter. (D.I. 460 at 1–2). WOW chose to waive privilege, maintain its equitable defenses, and produce the documents.

WOW does not dispute that its production of the eight documents waived the attorney client privilege. WOW likewise does not dispute that its waiver extends to all documents relating to the same subject matter. Nonetheless, WOW continues to withhold documents seeking conditional agreements and placing unfair restrictions on the scope of its waiver. For the reasons discussed below, WOW should be compelled to produce *all* privileged documents relating to: Sprint's patents, Sprint' prior enforcement efforts, and WOW's beliefs regarding whether, at any point prior to the lawsuit, (1) WOW infringed the asserted patents, (2) WOW was free to practice the asserted patents, or (3) Sprint would sue WOW for infringement.

**I.   WOW Voluntarily Waived Privilege and Must Produce Documents Within the Same Subject Matter.**

WOW agrees that "WOW's production of the eight privileged documents was a voluntary subject matter privilege waiver." (*See* Ex. A). That subject matter is WOW's awareness of Sprint's patents and beliefs regarding infringement and risk of suit. WOW, however, volunteers only to produce documents from 2010 to 2018, when the lawsuit was filed, that narrowly relate to a 2010 letter from Sprint regarding Sprint's patents. But WOW's infringing behavior and alleged beliefs regarding rights to Sprint's patents or freedom from suit were formed many years prior to 2010 and are based on more than Sprint's 2010 letter relating to Sprint's patent rights. The Court should order WOW to produce documents that fall within the subject matter of the eight privileged documents.

  *a.   WOW Continues to Improperly Withhold Documents*

polsinelli.com

Atlanta   Boston   Chicago   Dallas   Denver   Houston   Kansas City   Los Angeles   Nashville   New York   Phoenix  
St. Louis   San Francisco   Washington, D.C.   Wilmington

POLSINELLI

Judge Richard G Andrews
February 17, 2023
Page 2

WOW confirms that it is withholding 27 documents from its privilege log—and one not listed on the log—that it agrees fall within the subject matter waiver as they define it. (*See* Ex. B, 2023-02-06 Ltr. from Vander Tuig to Schletzbaum, at 2 identifying Privilege log entries 1–3, 9–10, 17–19, 21–32, 34, 36–40, 56, and the "internal strategy memo dated May 5, 2010 titled 'Sprint Patent Infringement Claim.'").[1] These include copies of the asserted patents, orders from Sprint's prior enforcement efforts, and 2010 memos summarizing the same.[2] Yet, WOW refuses to produce these documents unless Sprint agrees that doing so would not constitute further waiver. Such a condition is unacceptable. Sprint does not know the contents of the documents WOW is withholding and should not be further prejudiced by WOW's late selective waiver. The Court gave WOW the option of preserving its privilege or offering testimony from Mr. Martin on his beliefs. In choosing the later, WOW must now live with the consequences of its waiver and produce these documents unconditionally.

### b. *WOW's Selective Waiver Extends to the Subject Matter in the Produced Documents*

When a party "chooses to disclose some privileged communications . . . [it] waives the remainder of the communication[s] which relate to the same subject matter." *Smith v. Alyeska Pipeline Serv. Co.*, 538 F. Supp. 977, 979 (D. Del. 1982); *Hawk Mountain LLC v. Mirra*, 2016 WL 690883, at *1 (D. Del. Feb. 19, 2016) ("The deliberate disclosure of privileged or protected information may lead to the compelled disclosure of additional privileged or protected information[] if they concern the same subject matter and ought in fairness be considered together."); *In re Teleglobe Communications Corp.*, 493 F.3d 345, 361 (3d Cir. 2007) (holding waiver is based on fairness and "courts broaden the waiver as necessary to eliminate the advantage" to the disclosing party). This is especially true, where, as here, WOW affirmatively relies on the documents in support of its defenses.[3]

Here, WOW produced documents waving privilege related to (1) Sprint's patents and prior enforcement efforts (s*ee* Ex. D, WOW-Sprint059435-36; Ex. E, WOW-Sprint0594639); (2) WOW's requests for indemnification and, therefore, beliefs about likelihood of being sued by Sprint (*see* Ex. D); (3) WOW's "defense against Sprint" (*see* Ex. F, WOW-Sprint0594642-45; Ex. G, WOW-Sprint0594646-49); (4) WOW's interpretation of contract terms executed as early as 2004 relating to its equitable defenses (*see* Ex. F, Ex. G); (5) WOW's decision to fire Sprint (*see* Ex. H, WOW-Sprint0594637-38); and (6) WOW's knowledge of similarities between its network

---

[1] On the parties' meet and confer, WOW confirmed that the strategy memo is not listed on WOW's privilege log, and that it is an attachment to an unidentified document on the log.

[2] Ex. C, WOW-Sprint0594633.

[3] For example, WOW intends to offer testimony from its General Counsel, Mr. Martin, that WOW has an implied license based on provisions of a Transitions Services Agreement negotiated in 2007. Ex. H, WOW-Sprint0594646. WOW also cites to the same agreement in its supplemental response to Interrogatory No. 7. (*See* Ex. J).



and Sprint's network (*see* Ex. H). In fairness, WOW should be required to produce all documents related to the subject matter disclosed in the eight documents it voluntarily produced. WOW should not be permitted to wield privilege as both sword and shield and selectively withhold privileged documents that would contradict—or at least not permit Sprint to test—WOW's alleged equitable defenses after WOW was given an opportunity to drop those defenses but chose not to. *See Kickflip, Inc. v. Facebook, Inc.*, 2015 WL 13446263, at *2 (D. Del. Jan. 21, 2015) (noting that if an intentional waiver occurs, undisclosed communications related to the same subject matter should also be produced where the documents "ought in fairness to be considered together"); *see also Sprint Commcn's Co. L.P. v. Comcast Cable Commcn's, LLC, et al.*, 2017 WL 712773, at **3–5 (D. Kan. Feb. 23, 2017) (finding broad privilege waiver under similar circumstances).

Moreover, WOW's attempt to narrow the waived subject matter by imposing temporal limitations is unfair and improper. In 2008, WOW fired Sprint and started its infringing services. The first contract provisions between the parties relating to transition services existed in 2004. (Ex. I, PTX6000). WOW confirmed at the pretrial conference, and through its voluntary production of these eight documents, that it intends to offer testimony from at least Mr. Martin regarding WOW's purported belief that it has an implied license to Sprint's patents based on the 2004 agreement. (Ex. G, WOW-Sprint0594646). To fairly examine Mr. Martin on the timing and basis for his and WOW's belief, the Court should order production of all documents relating to the subject matter stated above. *See Murray v. Gemplus Int'l, S.A.*, 217 F.R.D. 362, 367 (E.D. Pa. 2003) (holding privilege was waived as to the entire period of contract negotiations); *see also Kickflip*, 2015 WL 13446263, at *2 ("A party cannot invoke the privilege as to communications whose confidentiality he has already compromised for his own benefit . . . [because] the attorney-client privilege is not designed for such tactical employment.").

Sprint respectfully requests that this Court order WOW: (1) to immediately produce the 28 documents identified herein that WOW admits fall within WOW's view of the waived subject matter; and (2) to produce all documents related to the full scope of WOW's voluntary privilege waiver. Sprint is available for a hearing on this issue at the Court's convenience.

                Respectfully,

                */s/ Stephen J. Kraftschik*

                Stephen J. Kraftschik (#5623)

SJK:ncf
Enclosures
cc: All Counsel of Record (via e-mail)