IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 18-361 (RGA) |
| WIDEOPENWEST, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

I have reviewed the Amended Joint Proposed Pretrial Order (D.I. 517) and the Joint Letter (D.I. 510). In advance of the pretrial conference, I offer the following in relation to the Joint Letter.

The parties stipulated, and I ordered, on June 27, 2022, that WOW was limited to "up to 3 arguments" on invalidity. (D.I. 407). WOW did not follow the order, and in the lead-up to the pretrial conference in October, Sprint complained about that. (D.I. 417 at 48-49). At the pretrial conference, I ordered WOW to comply. (No. 17-1736, D.I. 627 at 20-21). WOW complied on November 1, 2022. (D.I. 510-1, Ex. A). It stated it had three separate obviousness arguments for each asserted claim, each argument primarily based on a reference (Baran/Com 21; Bolliger; and Hiller). On April 12, 2022, WOW told Sprint it would rely on a written description defense and anticipation by Bolliger and by Hiller. (D.I. 517 at 20).

WOW expressly "narrowed" the case by withdrawing its "written description" defense by October 14, 2022. (D.I. 417 at 49). It cannot resurrect the defense now for no other reason than "recent developments" that seem to have no relation to whether written description is a defense.

There is no good cause for going back on its word and in contradiction of two court orders. Thus, the written description defense is STRUCK.

I might take a different view on anticipation. The two asserted references have been continually asserted, albeit only in the obviousness context for some period of time. It is hard to see that Sprint needs to do any extra work to meet them as anticipation references when it was already preparing to meet them as obviousness references. We can discuss this at the pretrial conference.

I overlooked the "standard setting defense." It will not be a part either phase of the upcoming trial.

On the six evidentiary issues raised in the Joint Letter, the parties should be prepared to discuss them. I note the following.

On the prior order in regard to WOW's motion in limine #1, the parties agree the issue only relates to Phase 2. I am inclined to let in Sprint's litigation campaign (without any dollar values from trial verdicts, *see* Fed. R. Evid. 403) particularly in cross-examination of WOW's witnesses and as referenced in communications with WOW employees. It is hard to say more unless dealing with concrete examples.

Evidence of indemnification discussions is irrelevant to Phase 1. I think it is relevant to the issues in Phase 2, but for the limited purpose of state of mind relative to whether Sprint might pursue litigation. I do not think seeking indemnification generally is relative to willfulness, and I would consider a limiting instruction to that effect on that issue.

As I understand it, Sprint's NGVN network is asserted by Sprint to practice the patents and is therefore essential to its lost profits case. The JCS 2000 project is out. I think any testimony about the nature of the invention is going to come from the experts (the inventor being

long dead) and will aid the jury's understanding.  The parties of course keep the right to object to specific questions.

        IT IS SO ORDERED this 18th day of April 2023.

/s/ Richard G. Andrews<br>
United States District Judge